IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Shawone Dante Perry,
    Petitioner,

v.                                      1:13cv429 (TSE/TRJ)

Harold Clarke,
    Respondent.

MEMORANDUM OPINION

Shawone Dante Perry, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions of possession with intent to distribute cocaine and possession of cocaine while in possession of a firearm in the Circuit Court of the City of Chesapeake. On January 24, 2104, respondent moved to dismiss the petition and Perry was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Perry filed a response. Dkt. No. 16. Accordingly, this motion is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice, as time-barred.

I. Procedural History

In his petition, Perry challenges two separate judgments of conviction: one judgment entered on October 23, 2008 and the other judgment entered May 26, 2009. On October 23, 2008, a jury found Perry guilty of possession with intent to distribute cocaine, and one count of possession of cocaine while in possession of a firearm. Case Nos. CR07-1080 and -4136. Perry was sentenced to a total of thirty (30) years in prison. Perry pursued a direct appeal, which the Virginia Court of Appeals denied on December 11, 2009. R. No. 2740-08-1. Perry sought further review by the Supreme Court of

Virginia, but his appeal was refused on June 3, 2010. R. No. 101064.

On May 26, 2009, Perry was convicted of possession of a firearm by a convicted felon. Case No. CR07-1078. Perry appealed to the Virginia Court of Appeals, which denied his appeal on May 4, 2010. R. No. 0957-09-1. The Supreme Court of Virginia refused Perry's appeal on September 28, 2010.

On September 9, 2011, Perry filed a petition for a state writ of habeas corpus in the Circuit Court of the City of Chesapeake in which he challenged all three convictions: the two entered on October 23, 2008 and the one entered on May 26, 2009. Perry amended his petition by leave of the court, which was granted on March 20, 2012. On June 26, 2012, the court dismissed Perry's claims relating to his October 23, 2008 convictions because they were barred by Virginia's statute of limitations, Virginia Code § 8.01-654(A)(2). Regarding his May 26, 2009 conviction, the court found that the claims Perry brought in his original petition were barred under the rule in Henry v. Warden, 576 S.E. 2d 495, 496 (Va. 2003). The court also found that the claims in his amended petition were barred by Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2). Perry v. Braxton, Case No. CL11-2246 (Va. Cir. Ct. June 26, 2012). Perry then filed an appeal to the Supreme Court of Virginia, which refused the appeal on February 11, 2013, because it was not timely filed. R. No. 122151.

Perry filed the instant application for relief pursuant to § 2254 on March 26, 2013.[1] By Order dated April 29, 2013, Perry was instructed to contest the application of the one-year statute of limitations or establish that he was entitled to equitable tolling. On May 22, 2013, Perry complied. By Order dated November 25, 2013, the petition was served, noting that this case required the benefit of

---

1 For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, Perry avers that he placed his petition in the prison mailing system on March 26, 2013. The Court received the petition on April 1, 2013.

the pertinent state records to assess the threshold issue of whether procedural defenses applied. On January 24, 2014, respondent filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief. Perry has filed a reply. Thus, the Perry's petition for habeas corpus relief is now ripe for disposition.

## II. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

October 23, 2008 Convictions

Regarding his October 23, 2008 convictions, the Court of Appeals of Virginia denied Perry's petition for appeal on December 11, 2009. Perry then appealed to the Supreme Court of Virginia, which refused his petition for appeal on June 3, 2010. Therefore, Perry's convictions became final on September 1, 2010, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

In calculating the limitations period, the Court generally must exclude any time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

3

limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In this case, between September 1, 2010, the date Perry's October 23, 2008 convictions became final, and August 31, 2011, the date Perry states he filed his state habeas application in the trial court, 364 days passed. The Circuit Court of the City of Chesapeake denied and dismissed Perry's petition on June 26, 2012. Perry v. Braxton, supra. Although Perry lodged an appeal of that order with the Supreme Court of Virginia on December 20, 2012, Perry did not do so "properly" because Va. Sup. Ct. R. 5:17(a)(1) required Perry's appeal to be filed within three months, by September 24, 2012. Thus on September 24, 2012, the statute of limitations again began to run giving Perry only one day in which to file his federal petition. Perry did not file the instant petition, however, until March 26, 2013, one-hundred eighty-two (182) days beyond the one-year limit.

May 26, 2009 Conviction

Perry's May 26, 2009 conviction is also time barred. This conviction became final on December 27, 2010, the last day he could have petitioned the Supreme Court of the United States for a writ of certiorari. Thus, the one-year statute of limitations began to run on December 27, 2010 and was tolled two-hundred forty-seven (247) days later when Perry filed his state habeas petition in the trial court on August 31, 2011. See 28 U.S.C. § 2244(d)(2). The court dismissed Perry's petition on June 26, 2012 and the statute of limitations again began to run on September 24, 2012, the last date Perry could have timely filed an appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:17(a)(1). Between September 24, 2012 and March 26, 2013, the day Perry filed the instant petition, one-hundred eighty-three (183) days elapsed. When this is added to the 247 days that elapsed between the date his May 26, 2009 conviction became final and the date he filled his state habeas petition, the instant petition was filed sixty-five (65) days beyond the one-year limit.

### III. Equitable Tolling

Perry is not entitled to equitable tolling. Equitable tolling is only available in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). When the failure to file the petition is a result of petitioner's own lack of diligence, equitable tolling is not appropriate. See id. ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."); Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (petitioner's lack of diligence in pursuing federal remedy negates application of equitable tolling). Additionally, a petitioner asserting equitable tolling "'bears a strong burden to show specific facts' which demonstrate that he or she fulfills both elements of the test." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir.2008)). Furthermore, an inmate's pro se status and lack of legal knowledge do not justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

In his response to respondent's Motion to Dismiss, Perry states that per the prison mailbox rule his petition was filed on August 31, 2011, not September 1, 2011 as respondent argues. Pet'r's Resp. 2. He then argues that Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1315 (2012) bars respondent from arguing that his claims are procedurally defaulted. Id. at 4. He explains that his petition was not timely filed because he was "inexperienced [sic] in understanding the law and made mistakes regarding the rules and procedures for filing his state habeas petition." Id. at 4-5. Perry quotes from Martinez and argues that his case should be heard under the Supreme Court's holding in Martinez. He also argues that he "appeals to the court's inherent equitable powers to hear his petition upon the merits." Id. at 12.

Perry's argument that his case was timely filed pursuant to Martinez v. Ryan is without merit.

5

Martinez is inapposite because it holds that ineffective assistance of counsel can excuse a procedural default in limited circumstances. Here, the issue is whether Perry is entitled to equitable tolling of the one-year statute of limitation, which Martinez does not address. Thus, Perry's argument that his petition should not be time-barred pursuant to Martinez must fail.

Perry's remaining arguments do support equitable tolling or show why his petition was timely filed. The Court used August 31, 2011, the date Perry gave as the date he filed his state habeas petition, in holding that his petition was time-barred. His argument that he is entitled to equitable tolling because he is "inexperienced [sic] in understanding the law and made mistakes regarding the rules and procedures for filing his state habeas petition" is foreclosed by United States v. Sosa. See 364 F.3d at 512. As such, the instant petition must be dismissed as time-barred.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief must be granted and the petition must be dismissed. An appropriate Order shall issue.

Entered this 28th day of May 2014.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge